IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SARAH STEWART (f.k.a. Sarah Hills),

    Plaintiff,

    v.

SEARS, ROEBUCK AND CO., a foreign corporation,

    Defendant.

No. CV-04-428-HU

SUPPLEMENTAL FINDINGS & RECOMMENDATION

Ralph F. Rayburn
RAYBURN LAW OFFICE
17685 S.W. 65th Ave., Suite 300
Lake Oswego, Oregon 97035

    Attorney for Plaintiff

Barry Alan Johnsrud
JACKSON LEWIS LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101

    Attorney for Defendant

HUBEL, Magistrate Judge:

    Plaintiff Sarah Stewart, formerly known as Sarah Hills, brings this employment action against defendant Sears, Roebuck & Company, her former employer. Plaintiff contends that defendant violated

1 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

her rights under the federal Family Medical Leave Act (FMLA) and Oregon's Family Leave Act (OFLA). She also brings a state common-law wrongful discharge claim and a claim under Oregon Revised Statute § (O.R.S.) 652.150 for the alleged failure to timely pay her wages at the time of her discharge.

Defendant moves for summary judgment on both Leave Act claims and the wrongful discharge claim. In a March 7, 2005 Findings & Recommendation, I recommended denial of defendant's motion except as to plaintiff's OFLA claim. I deferred ruling on that claim pending further briefing and oral argument. Having considered the additional submissions and the parties' oral arguments, I recommend that defendant's motion regarding the OFLA claim be granted.

STANDARDS

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"If the moving party meets its initial burden of showing 'the absence of a material and triable issue of fact,' 'the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense.'" Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991) (quoting Richards v. Neilsen Freight Lines, 810 F.2d 898, 902 (9th

2 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

Cir. 1987)). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). All reasonable doubts as to the existence of a genuine issue of fact must be resolved against the moving party. Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. T.W. Elec. Serv., 809 F.2d at 630-31.

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Id.; In re Agricultural Research and Tech. Group, 916 F.2d 528, 534 (9th Cir. 1990); California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).

DISCUSSION

As noted in the March 7, 2005 Findings & Recommendation, the issue is whether plaintiff can maintain a retaliation cause of action under OFLA. In a 2002 decision, I determined that OFLA did not allow for a retaliation claim. Denny v. Union Pac. R.R., No. CV-00-1301-HU, Findings & Rec. at pp. 7-9 (D. Or. Oct. 31, 2002), adopted by Judge Jones, January 20, 2003. I concluded that an Oregon Administrative Rule (OAR) adopted by the Oregon Bureau of Labor and Industries (BOLI) unlawfully expanded the scope of the rights afforded by the statute. Id.

3 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

1    In the instant case, plaintiff argues that rather than adhere
2    to the reasoning in Denny, which a number of Judges in this
3    District have followed[1], I should adopt the reasoning and holding
4    of a recent Oregon Court of Appeals decision, Yeager v. Providence
5    Health System Oregon, 195 Or. App. 134, 96 P.3d 862, rev. denied,
6    237 Or. 658, 103 P.3d 641 (2004), which recognized the existence of
7    an OFLA retaliation claim.[2]  I reject plaintiff's argument.

8    The Yeager court's analysis begins by noting that under Oregon
9    Revised Statute § (O.R.S.) 659A.885(1), "[a]ny individual claiming
10   to be aggrieved by an unlawful practice specified in subsection (2)
11   of this section may file a civil action in circuit court." Id. at
12   138, 96 P.2d at 864. Yeager also noted that O.R.S. 659A.885(2), in
13   turn, provides that "[a]n action may be brought under subsection

---

[1] Ladendorff v. Intel Corp., No. CV-02-6259-AS, Opinion & Order at pp. 14-20 (D. Or. Mar. 19, 2004) (Judge Ashmanskas); Louemna v. Les Schwab Tire Ctrs of Portland, Inc., No. CV-02-856-KI, 2003 WL 23957142, at *6 (D. Or. Oct. 2, 2003) (Judge King) Head v. Glacier Northwest, Inc., No. CV-02-373-MA, Opinion & Order at p. 3 (D. Or. Apr. 30, 2003) (Judge Marsh).

[2] Because Yeager is a decision of the Oregon Court of Appeals and not the Oregon Supreme Court, I am not required to follow it in interpreting questions of state law. See Vestar Dev. II, LLC v. General Dynamics Corp., 249 F.3d 958, 960 (9th Cir. 2001) ("When interpreting state law, federal courts are bound by the decisions of the state's highest court"). In the absence of binding Oregon Supreme Court precedent, the role of this Court is to predict how that Court will rule. Id. While intermediate appellate decisions can useful for that purpose, I am not obligated to follow those decisions if there is evidence that the Oregon Supreme Court might decide the issue differently. Here, I cannot rely on the Yeager decision as a predictor of how the Oregon Supreme Court would rule on this issue when there is no evidence showing that the argument on which I base my decision was raised in Yeager. I conclude that if the Oregon Supreme court were presented with the precise issue, it would not follow Yeager.

4 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

(1) of this section for the following unlawful practices[,]" then listing a number of specific statutes in O.R.S. Chapter 659A, including O.R.S. 659A.150 to O.R.S. 659A.186, the statutes comprising OFLA. Id.

Under the OFLA statutes, OFLA unlawful employment practices are limited to denials of requested OFLA leave. O.R.S. 659A.183. Thus, the defendant in Yeager, like the defendant in Denny, and the defendant in the present case, argued that the Oregon Legislature did not provide a civil action for retaliatory discharge under OFLA.

Yeager noted that O.R.S. 659A.001(12) "defines 'unlawful practice' for purposes of OFLA to include 'a practice that violates a rule adopted by the commissioner for the enforcement of the provisions of this chapter.'" Id. at 138, 96 P.3d at 865 (emphasis added in Yeager). BOLI's relevant administrative rule provides that

> [i]t is an unlawful employment practice for an employer to retaliate or in any way discriminate against any person with respect to hiring, tenure or any other term or condition of employment because the person has inquired about OFLA leave, submitted a request for OFLA leave or invoked any provision of the Oregon Family Leave Act.

OAR 839-009-0320(3).

Yeager relied on the definition of "unlawful practice" in O.R.S. 659A.001(12) and OAR 839-009-0320(3) to conclude that

> the relevant statutes and administrative rule make it clear that the legislature intended to provide a civil action for an unlawful practice under OFLA. An unlawful practice is defined to include a violation of a rule adopted by BOLI. Here, BOLI has adopted a rule that makes it an unlawful employment practice to retaliate against an employee for inquiring about OFLA leave, submitting a request for OFLA leave, or in any way invoking the provisions of OFLA. In combination, the

5 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

relevant statues and administrative rule create a civil
remedy for retaliatory discharge under OFLA.

Yeager, 195 Or. App. at 139, 96 P.3d at 865.

Plaintiff also notes that both Judge King and Judge Mosman of this District have followed Yeager to allow an OFLA retaliation claim. Viken v. North Pac. Group, Inc., No. CV-03-932-MO, Transcript of Oral Arg. on Cross-Motions for Sum. Jdgmt pp. 9, 45-46 (Docket #118) (D. Or. Oct. 26, 2004); Spees v. Willamina Sch. Dist. 30J, No. CV-03-1425-KI, Opinion at p. 15 (D. Or. Oct. 19, 2004).

While Yeager's citation to O.R.S. 659A.001(12) is relevant, I conclude that the Yeager court's analysis does not go far enough and thus, its holding is not supportable. It does not appear from the discussion in Yeager that the parties urged the court to focus on the precise listing of statutes in O.R.S. 659A.885(2) and the omission from that list of either O.R.S. 659A.001(12) or O.R.S. 659A.805(1)(e) which gives BOLI authority to adopt rules "[c]overing any . . . matter required to carry out the purposes of this chapter." As a result of the likely failure of the parties to raise this issue with the Yeager court, the court failed to address the fact that while O.R.S. 659A.001(12) includes certain practices established under BOLI rules as "unlawful practices," O.R.S. 659A.885(1) and (2) do not include an unlawful practice as defined by BOLI regulation as one giving rise to a civil cause of action. Neither O.R.S. 659A.001(12) nor O.R.S. 659A.805(1)(e) were listed by the Legislature in O.R.S. 659A.885(2). Similarly, these issues and arguments do not appear to have been raised before Judge King or Judge Mosman in their respective cases.

6 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

As in Yeager, the starting point is O.R.S. 659A.885(1). There, the Oregon Legislature creates a civil cause of action for individuals aggrieved by the unlawful practices specifically listed in O.R.S. 659A.885(2). In O.R.S. 659A.885(2), the Legislature enumerated several specific Oregon statutes for which an action may be brought under O.R.S. 659A.885(1). Notably, the Legislature did not state in O.R.S. 659A.885(1) and (2) that a civil action may be brought for all "unlawful practices" found in O.R.S. Chapter 659 or all "unlawful practices" as defined by statute or BOLI regulation, something the Legislature could easily have done.

Rather, the Legislature chose to specifically delineate, by referring to precise O.R.S. sections, which statutory unlawful practices give rise to a civil action. O.R.S. 659A.001(12), defining unlawful practice to include the violation of a BOLI rule, and O.R.S. 659A.805(1)(e), giving BOLI the authority to adopt rules covering any other matter required to carry out the purpose of O.R.S. Chapter 659, are not in the enumerated list in O.R.S. 659A.885(2).

As a result, I can reach no conclusion other than that the Legislature did not create a civil cause of action under O.R.S. 659A.885(1) and (2) for violations of unlawful practices that are defined only by a BOLI rule and not by one of the statutes listed in O.R.S. 659A.885(2). Since a retaliation cause of action is not made an unlawful practice in the OFLA statutes themselves, which are referenced in O.R.S. 659A.885(2), such a cause of action is not maintainable under O.R.S. 659A.885(1) and (2).

Without the Legislature having listed O.R.S. 659A.001(12) or O.R.S. 659A.805(1)(e) in O.R.S. 659A.885(2), BOLI's regulation that

7 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

purports to create a retaliation cause of action under OFLA, OAR 839-009-0320(3), is beyond the authority delegated to BOLI by the Legislature. That is, by not listing those statutes in O.R.S. 659A.885(2), the Legislature did not give BOLI the delegated power to establish a new civil cause of action.

It is important to note that while I am sympathetic to plaintiff's position, given the statutory framework, I have only supposition that the Legislature intended to create a retaliation cause of action under OFLA. Supposition is not a proper basis upon which to rewrite the plain language of the statutes. It is not this Court's role to substitute its judgment for that of the Legislature.

For the reasons initially expressed in Denny, and for the reasons explained in this Supplemental Findings & Recommendation, I conclude that Oregon does not provide a retaliation claim for requesting OFLA leave.

## CONCLUSION

I recommend that defendant's motion for summary judgment (#22) as to the OFLA claim, be granted.

## SCHEDULING ORDER

The above Supplemental Findings and Recommendation will be referred to a United States District Judge for review together with the March 7, 2005 Findings & Recommendation on the OFLA claim. Objections, if any, are due May 2, 2005. If no objections are filed, review of the March 7, 2005 Findings and Recommendation and this Supplemental Findings & Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due

8 - SUPPLEMENTAL FINDINGS & RECOMMENDATION

May 16, 2005, and the review of the March 7, 2005 Findings and Recommendation and the Supplemental Findings & Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 15th day of April, 2005.

/s/ Dennis J. Hubel

Dennis James Hubel
United States Magistrate Judge

9 - SUPPLEMENTAL FINDINGS & RECOMMENDATION